# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| Michael Sink<br>Lafayette, IN 47903<br><br>Plaintiff,<br><br>v.<br><br>First Credit Services, Inc. d/b/a Accounts<br>Receivable Technologies<br>One Woodbridge Center, Suite 410<br>Woodbridge, NJ 07095<br><br>Defendant. | Case No.: **2 10CV 069**<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around April 29, 2009, Plaintiff retained an attorney to file bankruptcy.

8. On or around October 20, 2009, Plaintiff's bankruptcy attorneys sent written notice of Plaintiff's representation to Defendant via facsimile.

1

9. This facsimile also instructed Defendant to cease further communications with Plaintiff regarding the debt.

10. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on numerous occasions thereafter throughout October 2009.

11. On or around November 9, 2009, Plaintiff's bankruptcy attorneys sent further written notice of Plaintiff's representation to Defendant via facsimile.

12. This facsimile also instructed Defendant to cease further communications with Plaintiff regarding the debt.

13. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on numerous occasions thereafter between November and December 2009.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt despite knowing that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff in connection with the collection of the debt notwithstanding its receipt of written cease and desist instructions.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:_____
Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com
Attorneys for Plaintiff

3